UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**UNITED STATES OF AMERICA,**

    Plaintiff

v.                                Criminal Action Nos.: 2:05-00231
                                                         2:05-00232

**CHERYL VOLL**
**BRIAN JONES,**

    Defendants

MEMORANDUM OPINION AND ORDER

Pending are (1) the defendants' joint motion to vacate or arrest judgment, filed June 1, 2006, and joint motion for relief from ex post facto prosecution and related matters, filed June 12, 2006, and (2) the government's motions with respect to each defendant to vacate the judgments entered against them and to dismiss their indictments, filed June 19, 2006.

I.

On November 4, 2005, the defendants were charged in separate indictments alleging their violations of 18 U.S.C. § 1349. The indictments alleged that from in or about October 2000 until on or about November 14, 2000, the defendants knowingly conspired to commit mail fraud in violation of 18 U.S.C. § 1341.

The defendants entered into plea negotiations with the government culminating in the change of their respective pleas during plea hearings held on February 27, 2006. At those hearings, after candidly providing factual bases for their respective pleas, each defendant pled guilty to one violation of section 1349 as charged in the indictments. The defendants appeared for disposition on May 10, 2006, at which time the court imposed upon each defendant a sentence of three (3) years probation, a restitution obligation, and a special assessment of $100.

Defendants Voll and Jones were notified by the government respectively on May 31 and June 1, 2006, that the statute under which they were charged did not become law until 2002, well after the conduct that formed the basis for their indictments. On June 1, 2006, the defendants moved to vacate or arrest judgment. On June 2, 2006, the court (1) convened an expedited hearing on the motion, (2) extended the time for filing notices of appeal to July 12, 2006, and (3) entered a compressed briefing schedule.

On June 19, 2006, the government filed as to each defendant a motion to vacate judgment and to dismiss the indictment without prejudice. On June 22, 2006, the defendants filed their joint reply to the government's June 19, 2006,

filing, asserting that they "agree that [the] Government's motion is well founded as to the desire to vacate judgment and dismiss the case." (Defs.' Jt. Reply at 1). Defendants contend, however, that dismissal should be with prejudice to any further, attempted prosecution of them.

II.

A.  The Propriety of Dismissal and the Parties' Competing Motions

Federal Rule of Criminal Procedure 48 provides as follows:

> (a) By the Government. The government may, with leave of court, dismiss an indictment, information, or complaint. The government may not dismiss the prosecution during trial without the defendant's consent.
>
> (b) By the Court. The court may dismiss an indictment, information, or complaint if unnecessary delay occurs in:
>
> (1) presenting a charge to a grand jury;
>
> (2) filing an information against a defendant; or
>
> (3) bringing a defendant to trial.

Fed. R. Crim. Proc. 48.

Our court of appeals has on several occasions discussed the standards used for applying the Rule, some of which implicate

3

concerns of a constitutional dimension. <u>United States v. Smith</u>, 55 F.3d 157, 158 (4th Cir. 1995) ("Because the discretion granted by Rule 48(a) involves the constitutional issue of the Separation of Powers Doctrine, a reviewing court must carefully scrutinize the district court's action."); <u>United States v. Goodson</u>, 204 F.3d 508, 512 (4th Cir. 2000). Quoting Judge Alfred P. Murrah, then-sitting by designation on the United States Court of Appeals for the Fifth Circuit, our court of appeals observed the conceptual underpinning for the separation-of-powers concern:

> [I]t seems altogether proper to say that the phrase "by leave of court" in Rule 48(a) was intended to modify and condition the absolute power of the Executive, consistently with the Framer's concept of Separation of Powers, by erecting a check on the abuse of Executive prerogatives. But this is not to say that the Rule was intended to confer on the Judiciary the power and authority to usurp or interfere with the good faith exercise of the Executive power to take care that the laws are faithfully executed. The Rule was not promulgated to shift absolute power from the Executive to the Judicial Branch. Rather, it was intended as a power to check power. The Executive remains the absolute judge of whether a prosecution should be initiated and the first and presumptively the best judge of whether a pending prosecution should be terminated. The exercise of its discretion with respect to the termination of pending prosecutions should not be judicially disturbed unless clearly contrary to manifest public interest. In this way, the essential function of each branch is synchronized to achieve a balance that serves both practical and constitutional values.

<u>Smith</u>, 55 F.3d at 158-59 (quoting <u>United States v. Cowan</u>, 524 F.2d 504, 509-11 (5th Cir. 1975)); <u>United States v. Manbeck</u>, 744

4

F.2d 360, 364 (4th Cir. 1984); <u>United States v. Perate</u>, 719 F.2d 706, 710 (4th Cir. 1983).

It is for this reason that a district court confronted with a Rule 48(a) motion lacks very little discretion to deny the requested relief. <u>United States v. Perate</u>, 719 F.2d 706, 710 (4th Cir. 1983) ("[T]he trial court has little discretion in considering a government motion to dismiss made pursuant to Federal Rule of Criminal Procedure 48(a). It must grant the motion absent a finding of bad faith or disservice to the public interest."). As noted in <u>Smith</u>, the grounds for denying a Rule 48(a) motion are quite circumscribed:

> Turning to the application of Rule 48(a), the Court explained that the salient issue is whether the decision to terminate the prosecution was tainted by bad faith. The Court concluded that the record did not disclose bad faith because the decision to terminate the prosecution, based as it was on the <u>Petite</u> policy, was motivated by considerations that were not "clearly contrary to manifest public interest."
>
> The Court also ventured the opinion that the "principal object of the 'leave of court' requirement [in Rule 48(a) ] is apparently to protect a defendant against prosecutorial harassment, <u>e.g.</u>, charging, dismissing, and recharging, when the Government moves to dismiss an indictment over the defendant's objection."

<u>Smith</u>, 55 F.3d at 159 (quoting <u>Rinaldi v. United States</u>, 434 U.S. 22, 29-30 (1977)); <u>Goodson</u>, 204 F.3d at 512.

5

The foregoing precedent illustrates the significance of the Executive's choice to terminate a prosecution. Absent bad faith, which would be contrary to manifest public interest, the motion is paramount and must be granted. It is for this reason the court declines to address the competing dispositive motions filed by the defendants, except insofar as they raise concerns relevant to the remaining consideration of whether the dismissal should be with or without prejudice.

Prior to turning to that question, however, the court must determine whether the government's Rule 48(a) motion is a product of bad faith. Smith, 55 F.3d at 159 ("The disservice to the public interest must be found, if at all, in the motive of the prosecutor. Examples of disservice to the public interest include the prosecutor's acceptance of a bribe, personal dislike of the victim, and dissatisfaction with the jury impaneled."). Inasmuch as the government brought the charging errors to the attention of both the court and the defendants, along with its stated desire to correct the defective indictments, a finding of bad faith is not indicated. See Smith, 55 F.3d at 160 (quoting United States v. Weber, 721 F.2d 266, 268 (9th Cir. 1983)) ("In the case before us, the United States Attorney was not motivated by considerations clearly contrary to the public interest. A

substantial, reasonable doubt about the guilt of a defendant that arose after conviction is evidence of good faith. Denial of a motion based on this reason is error, because it is the duty of the United States Attorney 'not simply to prosecute but to do justice.'"). Nor is this a case where the government has misused the grand jury to harass the defendants.

The court, accordingly, finds that the motion to dismiss and to vacate should be, and it hereby is, granted. Inasmuch as the indictments are dismissed, the court ORDERS that the judgments entered in each case on May 26, 2006, be, and they hereby are, vacated. The court further ORDERS that the defendants' joint motions (1) to vacate or arrest judgment, and (2) for relief from ex post facto prosecution and related matters be, and it hereby is, denied.

B. Dismissal With or Without Prejudice

The defendants seek dismissal with prejudice, a course the government opposes. Our court of appeals, in addressing both the court's inherent power to dismiss and the similar authority granted it under Rule 48(b), addressed in Goodson the circumstances concerning when a dismissal with prejudice is

7

appropriate:

> The sanction of dismissal <u>with prejudice</u> . . . is a harsh remedy for enforcement of [Rule 48(b) and the court's supervisory] powers, and, indeed, its use becomes a significant event. For in dismissing an indictment with prejudice, the court allows its interest in the orderly administration of justice to override the interests of victims and the public interest in the enforcement of the criminal law. See <u>United States v. Derrick</u>, 163 F.3d 799, 807 (4th Cir. 1998) ("The dismissal of an indictment altogether clearly thwarts the public's interest in the enforcement of its criminal laws in an even more profound and lasting way than the requirement of a retrial"). Accordingly, to reconcile these competing interests, it is established that a district court may not, in the management of its docket, exercise its discretion to dismiss an indictment with prejudice, either under Rule 48(b) or under its supervisory power, unless the violation caused prejudice to the defendant or posed a substantial threat thereof. See <u>Derrick</u>, 163 F.3d at 806 (noting that dismissal of an indictment with prejudice "without a finding of prejudice is directly contrary not only to the precedent of this court, but also to clear and well-established Supreme Court precedent"); <u>Lee</u>, 906 F.2d at 120 (holding that "'absent demonstrable prejudice, or substantial threat thereof, dismissal of the indictment is plainly inappropriate, even though the violation may have been deliberate[.]'")

<u>Goodson</u>, 204 F.3d at 514 (emphasis in original) (some citations omitted). As <u>Goodson</u> indicates, dismissal with prejudice is warranted only when prejudice is shown. See also <u>United States v. Van Engel</u>, 15 F.3d 623, 631-32 (7th Cir. 1993) ( "A federal judge is not authorized to punish the misconduct of a prosecutor by letting the defendant walk, unless the misconduct not only violated the defendant's rights but also prejudiced his defense,

8

and neither condition is satisfied here.") (quoted in <u>United States v. Derrick</u>, 163 F.3d 799, 808 (4th Cir. 1998)).

In discharge of the required showing, the defendants have asserted (1) the initial, flawed indictment was unjustifiably delayed, (2) they have led law-abiding lifestyles since the time of the charged misconduct, and (3) they are entitled to repose. None of these contentions, however, serve to demonstrate the prejudice required for absolute dismissal. Nowhere in their briefing or argument have defendants shown how the government's charging error worked to the detriment of their respective defenses. Indeed, defendants do not counter the government's suggestion that, during their respective plea colloquys, they provided the court not only a factual basis for finding a violation of section 1349, but also for violations of 18 U.S.C. § 371, a statute in existence at the time of the charged misconduct. There simply is no prejudice shown.

9

Accordingly, based upon the foregoing, well-established precedent, the court ORDERS that the dismissal and vacatur sought by, and granted to, the government shall be, and it hereby is, without prejudice to a further, attempted prosecution of the defendants.[1]

The Clerk is directed to forward copies of this written opinion and order to all counsel of record.

DATED: July 3, 2006

_____
John T. Copenhaver, Jr.
United States District Judge

---

[1] Both the government and the defendants appear to seek an advisory ruling from the court concerning whether the tolling statute will protect subsequent charging instruments from the defendants' expected limitations defenses. The court declines to rule prematurely on that point. Should the grand jury re-indict the defendants, they may attempt to interpose the defense at the appropriate time.